UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN RAY RITCHIE, | No. 2:15-cv-0008 KJN P |
| Petitioner, | |
| v. | ORDER |
| RAFAEL ZUNIGA, Warden, | |
| Respondent. | |

I. <u>Introduction</u>

Petitioner is a federal prisoner, proceeding without counsel. Both parties consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, claiming that his request for one year sentence credit for completion of the Residential Drug Abuse Program ("RDAP") was denied by the Bureau of Prisons ("BOP"), in violation of the Ex Post Facto Clause and his rights to due process and equal protection.  Respondent filed a response to the petition, claiming the court does not have jurisdiction to consider the petition because it is now moot.  Petitioner did not file a reply.[1]  As set forth below, the petition is dismissed as moot.

---

[1] Petitioner's copy of the October 28, 2015 order was returned as undeliverable. As stated in that order, it appeared that petitioner is now located at Long Beach RRM (ECF No. 24 at 3), although petitioner has not filed a notice of change of address.  Respondent served their response on petitioner at Long Beach RRM.  (ECF No. 25 at 8.)  The BOP inmate locator reflects that

1

II.  Petition

Petitioner claims he has been denied a one-year credit to his sentence based on new rules promulgated in February 2009 stating that 18 U.S.C. § 922(g) cases were violent and anyone sentenced for a gun charge after that date would not get the year off for participating in RDAP. Petitioner contends that he is "grandfathered in," and entitled to the one year off of his sentence, because he showed an intent to be in the RDAP program in 2008, citing Arrington v. Daniels, 516 F.3d 1106 (9th Cir. 2007), and Crickon v. Thomas, 579 F.3d 978 (9th Cir. 2009).  Petitioner states his application was denied under the new rules, but he "showed [he] applied before that date and some staff . . . stated [he] should be given the consideration of Arrington, but Grand Prarie did not." (ECF No 1 at 6.)  Petitioner states he has been in the RDAP "3 months now, completing it successfully." (ECF No. 1 at 6.)

III.  Background

Petitioner was convicted in the United States District Court for the District of Montana for possession of a firearm by a felon.  In 2008, he was sentenced to 120 months imprisonment.  The computation of his federal sentence began on July 23, 2008.  (ECF No. 23-1 at 4.)

The BOP is directed to make appropriate substance abuse programs available to prisoners determined to have a treatable condition of substance abuse.  18 U.S.C. § 3621(b).  The Residential Drug Abuse Program ("RDAP") is one such drug treatment program.  See 28 C.F.R. § 550, et seq.  As an incentive for participation, Congress provided that a prisoner who successfully completes RDAP may be eligible for a sentence reduction of up to one year.  18 U.S.C. § 3621(e)(2)(B).

On September 22, 2014, petitioner was placed in the RDAP.  On June 30, 2015, during the pendency of this action, petitioner completed the residential portion of the RDAP.  (ECF No. 21 at 12.)

////

////

---

petitioner was released from the Long Beach RRM on February 2, 2016.  Thus, the court does not direct the Clerk of the Court to serve this order on petitioner at Long Beach RRM.

1  On July 30, 2015, petitioner filed a clarification contending that had the correct paperwork been done, he would have been released on July 3, 2015, and now seeks money damages for the delay.  (ECF No. 22 at 1.)

On October 28, 2015, petitioner's failure to exhaust his administrative remedies was excused.  (ECF No. 24.)  However, during the pendency of this action, petitioner submitted a request for RDAP sentence credit to the BOP, and the RDAP sentence credit was applied on or about September 24, 2015.  (ECF Nos. 25 at 5; 26 at 2.)

Respondent states that petitioner's current projected release date is January 1, 2017, via good conduct time.  (ECF No. 23-1 at 2.)  It appears that petitioner was released on February 2, 2016.

IV.  <u>Subject Matter Jurisdiction</u>

The Ninth Circuit has held that federal courts lack subject matter jurisdiction to entertain habeas challenges seeking "to review the BOP's individualized RDAP determinations pursuant to 18 U.S.C. § 3612." <u>Reeb v. Thomas</u>, 636 F.3d 1224, 1228 (9th Cir. 2011).  In <u>Reeb</u>, a federal prisoner brought a habeas petition claiming that he was wrongfully expelled from his prison's RDAP on the grounds of exhibiting disruptive behavior in group counseling sessions.  <u>Reeb</u>, 636 F.3d at 1225.  He sought a court order readmitting him to the program and granting him sentencing credit.  <u>Id.</u> at 1226.  The Ninth Circuit determined that judicial review of individualized RDAP determinations under the Administrative Procedures Act was precluded under 18 U.S.C. § 3625, and that federal habeas courts do not have subject matter jurisdiction to review such claims.  <u>Id.</u> at 1226-27.

In addition, federal courts lack jurisdiction to decide cases that are moot because the courts' constitutional authority extends to only actual cases or controversies.  <u>Iron Arrow Honor Society v. Heckler</u>, 464 U.S. 67, 70-71 (1983).  Article III requires a case or controversy in which a litigant has a personal stake in the outcome of the suit throughout all stages of federal judicial proceedings and has suffered some actual injury that can be redressed by a favorable judicial decision.  <u>Id.</u>  A petition for writ of habeas corpus becomes moot when it no longer presents a case or controversy under Article III, § 2 of the Constitution.  <u>Wilson v. Terhune</u>, 319 F.3d 477,

1  479 (9th Cir. 2003).  A petition for writ of habeas corpus is moot where a petitioner's claim for
2  relief cannot be redressed by a favorable decision of the court issuing a writ of habeas corpus.
3  <u>Burnett v. Lampert</u>, 432 F.3d 996, 1000-01 (9th Cir. 2005) (quoting <u>Spencer v. Kemna</u>, 523 U.S.
4  1, 7 (1998)).  A moot petition must be dismissed because nothing remains before the court to be
5  remedied.  <u>Spencer v. Kemna</u>, 523 U.S. 1, 18 (1998).

Although petitioner initially sought to have sentence credit applied, it appears that petitioner now seeks damages due to their delay in doing so.  However, petitioner did not include a request for damages in his initial petition, and is not permitted to seek damages in a habeas action.  See <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484 (1973).  Because petitioner has now been granted credit for his participation in RDAP, this court lacks jurisdiction to provide any further relief, and the petition is denied as moot.

Accordingly, IT IS HEREBY ORDERED that the petition is dismissed as moot.

Dated:  March 23, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/ritc0008.dm.2241